IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD C. COOK, | No. CIV S-10-3436-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| KATHLEEN L. DICKINSON, et al., | |
| Respondents. | |
| _____/ | |

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the 2008 denial of parole.  Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has yet appeared in the action.  Pending before the court is petitioner's original and first amended petitions for a writ of habeas corpus (Docs. 1,10).

      On February 3, 2011, the court directed petitioner to show cause in writing why this petition should not be summarily dismissed in light of the United States Supreme Court's recent decision in Swarthout v. Cooke, 562 U.S. ___, 131 S. Ct. 859, 862 (9th Cir. 2011) (per curiam).  Instead of a specific response to the order to show cause, petitioner filed an amended petition wherein he continues to argue, as he does in the petition, that he is entitled to relief

1

because the Parole Board failed to support their decision with a finding of some evidence that petitioner poses an unreasonable risk of danger to society, thus violating his Constitutionally protected liberty interest in parole. Petitioner does not, however, claim any procedural due process violations, such as denial of an opportunity to be heard or notice of the adverse decision and reasons for the decision. Rather, he continues to argue his substantive due process and liberty interests were violated, and that his arguments go beyond a mere state law issue, and rise to the level of violating his Sixth and Fourteenth Amendment rights.

Although he acknowledged the Supreme Court's decision in Swarthout, as set forth in the undersigned's prior order, he fails to articulate how his petition states a claim in light of that opinion. As the Court held in Swarthout, "[n]o opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement" and "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied" because "a 'mere error of state law' is not a denial of due process." Id. (citing Engle v. Isaac, 456 U.S. 107, 121, n.21 (1982)). Thus, in cases challenging the denial of parole, the Supreme Court was clear that only issue subject to federal habeas review is whether the inmate received the procedural due process protections of notice and an opportunity to be heard, and the federal courts are not to inquire beyond that. See id. There is no other clearly established federal constitutional right in the context of parole.

Because petitioner only raises substantive due process violations, he does not raise any cognizable claim in this case, and it will be summarily dismissed under Rule 4 of the Federal Rules Governing Section 2254 Cases.

Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the court has considered whether to issue a certificate of appealability. Before petitioner can appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Where the petition is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. See Fed. R. App. P. 22(b). Where the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595, 1604 (2000)). For the reasons set forth in the court's February 3, 2011, order to show cause and herein, the court finds that issuance of a certificate of appealability is not warranted in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's petitions for a writ of habeas corpus (Docs. 1, 10) are summarily dismissed;

2. The court declines to issue a certificate of appealability; and

3. The Clerk of the Court is directed to enter judgment and close this file.

DATED: June 22, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE